IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

IVAN BOYD,

                    Plaintiff,                              OPINION AND ORDER

            v.                                                    17-cv-944-slc

LINDA CORBETT, et al.,

                    Defendants.

*Pro se* plaintiff Ivan Boyd is proceeding in this civil lawsuit pursuant to 42 U.S.C. § 1983,

on Eighth and First Amendment claims against multiple Wisconsin Department of Corrections

(DOC) employees. Specifically, he is proceeding on Eighth Amendment deliberate indifference

claims related to defendants' failure to respond to his need for a properly fitted CPAP mask, and

First Amendment retaliation claims against two defendants related to their alleged withholding

of certain medications since he filed the complaint in this lawsuit. After I screened his

complaint, Boyd filed a motion asking that I reconsider my decision dismissing defendants Tracy

and Drone. (Dkt. 18.) For the reasons that follow, I am denying the motion.

In his complaint, Boyd alleged that Tracy and Drone, nurses who received his requests

for a new CPAP mask, failed to provide him a new mask and instead responded to Boyd that

staff was waiting for the respiratory therapist to examine him. I dismissed Tracy and Drone

because Boyd's allegations -- suggesting only that Boyd asked them for a new CPAP mask and

did not report any symptoms suggesting he needed medical attention -- were insufficient to

support an inference of deliberate indifference. (Dkt. 17, at 14.)

Now, Boyd claims that he recently learned more information about exactly what he

reported to Tracy and Drone. First, as to Tracy, Boyd claims that on October 17, 2017, he

wrote in an HSR that his sleep pattern has been affected during the day, and he needs to see a

specialist, and that Tracy responded the next day that she had passed his request along. Similarly, Boyd claims that he submitted an HSR on October 19, 2017, reporting that he told someone from the HSU that his mask causes severe pain, that he wanted a new mask, and that he was tossing and turning all night. He claims that Drone responded on October 22, 2017, that he was scheduled to be seen.

While Boyd puts forth more details about his requests to Tracy and Drone, these additional allegations do not support an inference that he reported symptoms suggesting that Tracy and Drone needed to follow up with greater urgency. Indeed, while he reported feeling sleepy at times to Tracy, Boyd had not reported that he had actually fallen asleep or that he was concerned that he might fall asleep and hurt himself. Also, while Drone may have learned that Boyd reported to someone in HSU that his mask hurt, Boyd's October 19 HSR did not report any specific on-going problems that would require Drone's more immediate response. Even construing these allegations in a light most favorable to Boyd, I cannot conclude that their responses, informing Boyd that he was scheduled to be seen, exhibited deliberate indifference. Therefore, I am denying his motion.

ORDER

IT IS ORDERED that plaintiff Ivan Boyd's motion for reconsideration (dkt. 18) is DENIED.

Entered this 9th day October, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge