IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IVAN BOYD,

        Plaintiff,

v.

LINDA CORBETT, et al.,

        Defendants.

OPINION AND ORDER

17-cv-944-slc

---

*Pro se* plaintiff Ivan Boyd, a prisoner at the Wisconsin Secure Program Facility (WSPF), is proceeding in this civil lawsuit pursuant to 42 U.S.C. § 1983, on Eighth and First Amendment claims against multiple Wisconsin Department of Corrections (DOC) employees. Specifically, Boyd has brought Eighth Amendment deliberate indifference claims against defendants Linda Corbett, Jolinda Waterman, Timothy Bromeland, Lucas Stowell, McArdle, Mumm, and Rutherford for their alleged failure to respond to his need for a properly-fitting CPAP mask between August of 2016 and November of 2017. Boyd also has brought First Amendment retaliation claims against McArdle and Waterman related to their alleged withholding of certain medications since he filed the complaint in this lawsuit.

Currently there are five motions pending. Three motions require virtually no discussion: Boyd filed a motion for default judgment against defendants Corbett and McArdle (dkt. 29), and defendants Corbett and McArdle responded with motions seeking leave of court to allow them to answer and avoid the entry of default (dkt. 32, 38). Since Boyd has responded that he does not object to either Corbett's or McArdle's motion (dkt. 34, 42), I am denying his motion for default judgment and granting Corbett's and McArdle's motions. The two remaining motions relate to defendants' Corbett's and McArdle's affirmative defense that Boyd failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA).

Corbett seeks partial summary judgment on exhaustion grounds (dkt. 45), and McArdle seeks summary judgment on that same ground (dkt. 50). Boyd concedes that McArdle is entitled to judgment in her favor (dkt. 63), so I will grant that motion without further discussion. However, I am denying Corbett's motion for the reasons that follow.

RELEVANT BACKGROUND

I. **Boyd's Claim Against Corbett**

Boyd is proceeding against Corbett on a claim that from about September of 2016, through at least November 1, 2017, Corbett knowingly failed to provide Boyd with a CPAP mask that fit. More specifically, during a September 8, 2016, appointment at Dodge Correctional Institution (Dodge), Boyd reported that his CPAP mask was too tight and caused severe pain to his nose and jaw. Boyd submitted a request for a new mask per Corbett's instructions, but Boyd did not receive a new mask, causing him to stop using the CPAP machine. Boyd subsequently waited to receive a new mask, asking for a new one when he was transferred to WSPF and then subsequently submitting requests with the HSU. However, Boyd never received a new mask. Boyd alleges that this led to a fainting spell and injury on October 27, 2017. On November 1, 2017, after Boyd received treatment for his fall, Corbett met with him and provided him with a new CPAP mask.

II. **Boyd's Inmate Complaint About His CPAP Mask**

On October 31, 2017, Boyd submitted an inmate complaint, WSPF-2017-27731, complaining about the circumstances leading up to his injury. (Corbett Ex. A (dkt. 48-2).) In particular, he explained that prior to his arrival at WSPF, he had informed the Health Services

2

Unit (HSU) at Dodge that he needed a properly fitting CPAP mask, but was informed that he would have to meet with the sleep apnea "specialist" (referring to, but not mentioning, Corbett) to obtain one. Boyd further alleged in his inmate complaint that he was transferred to WSPF and still did not receive a new mask. He reported that in October of 2017 he started telling HSU staff that he needed a new mask. Rather than issuing Boyd a new mask, WSPF's HSU Manager Jolinda Waterman came to his cell on October 13, 2017 and asked him why he wasn't using his mask. When Boyd responded that it didn't fit right, Waterman told him that WSPF would wait for the CPAP specialist to visit the institution. Boyd fainted two weeks later, on October 27, 2017, and his inmate complaint was received on October 31.

On November 28, 2017, the Inmate Complaint Examiner (ICE) recommended dismissal of Boyd's complaint. The ICE recounted that Corbett had reported to WSPF's HSU that Boyd had not been using his CPAP machine as of October 2017, and that after the injury, Corbett issued Boyd new CPAP equipment. Since Boyd's concern had been addressed, ICE recommended dismissal, and that complaint was dismissed on December 4, 2017. (Corbett Ex. B (dkt. 48-2) at 2-3.) Boyd appealed that decision, and on December 7, 2017, the Corrections Complaint Examiner (CCE) accepted ICE's recommendation. On December 18, 2017, the DOC's Secretary dismissed Boyd's appeal, agreeing with the CCE's recommendation.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, a prisoner must also "properly take each step within the

3

administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), that are "in the place . . . at the time, [as] the [institution's] administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *see Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). If a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that a plaintiff has failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

To exhaust state administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code § DOC 310. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). The complaint may "[c]ontain only one issue per complaint, and shall clearly identify the issue." *Id.* § 310.09(e). If the institution complaint examiner rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal the rejection. *Id.* § 310.11(6). If the complaint is not

4

rejected, the institution examiner makes a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.11(6). The offender complaint then is decided by the appropriate reviewing authority, whose decision can be appealed by the inmate to a correctional complaint examiner ("corrections examiner"). *Id.* §§ 310.12, 310.13. The corrections examiner then makes a recommendation to the Secretary of the Department of Corrections, who takes final action. *Id.* §§ 310.13, 310.14.

Corbett requests partial summary judgment on the claim against her. Specifically she seeks to pare down the time frame of Boyd's claim against her to the events that occurred *after* October 17, 2017, 14 days before the date that Boyd filed his inmate complaint about not having adequate CPAP equipment. (*See* Corbett Exs. A, B (dkt. 48-1, 48-2).)[1]

In opposition to Corbett's motion, Boyd asserts that he did not file an inmate complaint before October 31, 2017 because he received repeated assurances from staff at WSPF that he just had to wait for Corbett to arrive at WSPF to obtain a new mask. Therefore, Boyd's position is that he did not actually realize that he would need to file an inmate complaint about it until October of 2017, when it became apparent that staff would not give him a new mask. This argument fits within the notion that "prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley*, 729 F.3d at 650. In *Turley*, the Court of Appeals for the Seventh Circuit concluded that a prisoner who submitted a grievance challenging an ongoing lockdown policy

---

[1] One might logically ask why Corbett's motion is for partial summary judgment, given that Boyd's only claim against her is her failure to provide him with a properly fitting CPAP mask between September 2016, and November, when she actually ordered him a new mask. Regardless, since Corbett has failed to meet her burden of showing that DOC officials did not have an opportunity to address Boyd's claim against her, I am denying her motion.

5

a year *after* the policy went into effect satisfied the exhaustion requirement, reasoning that "once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Id.*

I am persuaded that the *Turley* principle applies to Boyd's circumstances. While Boyd's inmate complaint did not specifically flag the long delay he was experiencing in obtaining a better-fitting CPAP mask, Boyd did allege that this problem had been ongoing until his October 2017 injury and complaint. Corbett has not offered any reasonable argument that Boyd's lack of access to a properly fitting CPAP mask was not ongoing; even if she had, this at best raises a factual dispute that would prevent front-end summary judgment on exhaustion grounds.. More importantly, Corbett does not suggest that the resolution of WSPF-2017-27731–which explicitly involved a discussion of Boyd's unsuccessful efforts to obtain a properly fitting CPAP mask in 2016–failed to afford the institution the opportunity to address Boyd's complaint that he did not have a properly fitting CPAP mask. Accordingly, I conclude that Corbett has not met her burden to prove that Boyd failed to exhaust his administrative remedies with respect to his claims against her prior to October 17, 2017, and I am denying Corbett's motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Ivan Boyd's motion for default judgment as to Linda Corbett, Sandra McArdle (dkt. 29) is DENIED.

2. Defendant Sandra McArdle's motion to file answer and affirmative defense (dkt. 32) is GRANTED.

3. Defendant Linda Corbett's motion for extension of time to file answer and affirmative defenses (dkt. 38) is GRANTED.

4. Defendant Linda Corbett's motion for partial summary judgment for failure to exhaust (dkt. 45) is DENIED.

5. Defendant McArdle's motion for summary judgment for failure to exhaust administrative remedies (dkt. 50) is GRANTED. Boyd's claims against McArdle are DISMISSED WITHOUT PREJUDICE, and McArdle is DISMISSED from this lawsuit. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

Entered this 26th day of March, 2019.

> BY THE COURT:
>
> /s/
>
> STEPHEN L. CROCKER
> Magistrate Judge